**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                              Criminal No. 07-cr-072-01-SM

Osuyuwamen Ojo

**ORDER OF DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act,
18 U.S.C. §§ 3141 et seq., a hearing was conducted on March 13,
2007, for the purpose of determining whether to detain defendant,
Osuyuwamen Ojo, who has been indicted on three counts of cocaine
distribution.

Under 18 U.S.C. § 3142(b), a court, in making a
determination regarding detention, must evaluate the risk of the
defendant's flight, the risk to the safety of any other person,
and the risk to the safety of the community.  In circumstances
when detention is not mandated by the court, the court is
nonetheless empowered to impose conditions on release.  18 U.S.C.
§ 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court,
in assessing the risks noted in 18 U.S.C. § 3142(b), shall
consider the following: (1) the nature and circumstances of the

offense charged; (2) the weight of the evidence as to guilt;
(3) the history and characteristics of the accused, including
family ties, past history, financial resources and employment;
and (4) the nature and seriousness of the danger to any person or
the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18
U.S.C. § 3142, the government typically retains the burden of
persuading the court that "'no condition or combination of
conditions will reasonably assure' the defendant's presence at
trial."  United States v. Perez-Franco, 839 F.2d 867, 870 (1st
Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d
15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d
789, 793 (1st Cir. 1991).  For its part, the government is
required to offer clear and convincing evidence of dangerousness;
and a preponderance of the evidence to prove risk of flight.  See
Patriarca, 948 F.2d at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a
presumption arises that no condition or combination of conditions
will reasonably assure the appearance of a defendant and the
safety of the community.  Among the instances where a presumption
arises is the situation where,

> the judicial officer finds that there is probable cause to
> believe that the person committed an offense for which a
> maximum term of imprisonment of ten years or more is
> prescribed in the Controlled Substances Act (21 U.S.C. 801
> et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Further, the offenses charged against defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991). Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162–63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  Notably,

the burden is one of production, not of persuasion.  <u>Id.</u> at 380-
81.

Here, I find that the defendant fails to rebut the
presumption with regard to risk of flight and danger to the
community.  Specifically, this is a drug crime involving three
sales, two of which were to a C.I. who was accompanied by a state
trooper and one of which was to the trooper.  The evidence is
overwhelming.  He will be a career offender.  He is unmarried,
somewhat transient and unemployed.

The defendant here is precisely the type of individual
Congress envisioned when it established the statutory
presumption.  The legislative history reveals that, in
establishing the statutory presumption that "no condition or
combination of conditions will reasonably assure . . . the safety
of the community . . . ," 18 U.S.C. § 3142(e), Congress
specifically had in mind defendants alleged to be involved in
drug trafficking: "The Committee also emphasize[d] that the risk
that a defendant will continue to engage in drug trafficking
constitutes a danger to the 'safety of any other person or the
community.'"  S. Rep. No. 225, 98th Cong., 1st Sess. 13 (1983).
Congress has determined that "flight to avoid prosecution is

particularly high among persons charged with major drug

offenses."  S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983);

Jessup, 757 F.2d at 378.

Aside from the presumption imposed in this case by 18 U.S.C.

§ 3142(e), I am satisfied from the representations offered during

the hearing that no condition or combination of conditions will

reasonably assure the appearance of the defendant.

Upon full consideration of the arguments offered by the

government and defense, I am satisfied that the defendant has not

rebutted with any credible evidence the presumption that he poses

a serious risk of flight and a danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained

pending trial.

The defendant is committed to the custody of the Attorney

General or his designated representative for confinement in a

corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody

pending appeal.  The defendant shall be afforded a reasonable

opportunity for private consultation with defense counsel.  On

order of a court of the United States or on request of an

attorney for the Government, the person in charge of the

corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection

with a court proceeding.

     **SO ORDERED**.

_____
James R. Muirhead
United States Magistrate Judge

Date:  March 13, 2007

cc:  Terry L. Ollila, AUSA
     Bjorn R. Lange, Esq.
     U.S. Marshal
     U.S. Probation